MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
Email: mbourassa@bourassalawgroup.com
       trichards@bourassalawgroup.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHLEEN THOMAS, an individual,<br><br>Plaintiff,<br>vs.<br><br>CENTRAL CREDIT SERVICES LLC, a Florida limited liability company,<br><br>Defendant. | Case No.:<br><br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |

**COMPLAINT**

Plaintiff, KATHLEEN THOMAS (hereinafter referred to as "*Plaintiff*") by and through the undersigned attorney, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action on her own behalf for actual and statutory damages arising from Defendant's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.,* and Nevada Revised Statutes.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff and Defendant reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

4. Plaintiff is a natural person who resides in Nevada.

5. Plaintiff is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3)

6. Plaintiff allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

7. Central Credit Services, LLC is a Florida limited liability company (hereinafter referred to as "Defendant") the principal purpose of whose business is the collection of debts.

8. Defendant regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that the Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or about April 2015, Defendant contacted Plaintiff by mail regarding an alleged consumer debt.

11. In its correspondence to Plaintiff, Defendant misrepresented the status of the debt, in violation of 15 USC 1692e(2).

12. Defendant also attempted to collect on an alleged debt that it is not entitled to collect in violation of 15 USC 1692f(1).

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FDCPA 15 U.S.C.§ 1692e(2)

13. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 12 inclusive, above.

14. Section 1692e(2) of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>   (A) the character, amount, or legal status of any debt…

15. The debt Defendant was attempting to collect was paid by Plaintiff's insurance and therefore there is no debt to collect.

16. Defendant misrepresented the legal status of the alleged consumer debt by claiming Plaintiff owed the debt.

17. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF THE FDCPA U.S.C. § 1692f(1)

18. Plaintiff repeats, re-alleges, and incorporates by reference, paragraphs 1 through 17 inclusive, above.

19. Section 1692f(1) of the FDCPA states in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by an agreement creating the debt or permitted by law.

20. Defendant attempted to collect an amount from Plaintiff that it was not entitled to collect as Plaintiff's insurance had previously paid the debt.

21. It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefore.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief in Plaintiff's favor and that judgment be entered against Defendant for the following:

(1) For actual damages incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to Plaintiff, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(4) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(5) For any and all other relief this Court may deem appropriate.

DATED this 28th day of March 2016.

THE BOURASSA LAW GROUP

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*